UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANZA TECHNOLOGY, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ARRIS GROUP, INC.,<br><br>　　　　Defendant. | Case No.: 3:16-cv-01261-BEN-AGS<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**(ECF No. 35)** |

 Pending before the Court is Defendant ARRIS Group, Inc.'s ("ARRIS") Motion to Dismiss Plaintiff Anza Technology, Inc.'s ("Anza") Second Amended Complaint for patent infringement for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 35.) ARRIS argues that the Second Amended Complaint does not plead sufficient facts to state a plausible claim for infringement. Anza opposes the motion. (Opp'n, ECF No. 36.) For the following reasons, the Court **DENIES** the Motion to Dismiss.

/ / /

/ / /

/ / /

/ / /

**BACKGROUND**[1]

I.  **Factual Background**

Plaintiff Anza Technology, Inc. "is a designer, manufacturer and seller of bonding tools, [electrostatic discharge] tools and other products directed to the manufacture and assembly of electronics, in particular the bonding of electrostatic-sensitive devices." (SAC ¶ 6, ECF No. 32.) Plaintiff alleges that Defendant's products infringe certain method claims in two patents, U.S. Patent No. 7,124,927 ("the '927 patent") and U.S. Patent No. 7,389,905 ("the '905 patent") (collectively, the "Asserted Patents"). Anza is owner, by assignment, of the entire right, title, and interest in and to both patents. (*Id.* ¶¶ 10, 11.)

The '927 patent is entitled "Flip Chip Bonding Tool and Ball Placement Capillary," and the allegedly infringed independent claim 16 is directed to a "method of utilizing a flip chip bonding tool and ball placement capillary in a microelectronic assembly."[2] (*Id.* Ex. A.) The '905 patent is entitled the "Flip Chip Bonding Tool Tip."

---

[1] The Court is not making any findings of fact, but rather summarizing the relevant allegations of the Complaint for purposes of evaluating Defendant's Motion to Dismiss.
[2] The full text of claim 16 of the '927 patent provides:

> 16. A method of utilizing a flip chip bonding tool and ball placement capillary in a microelectronic assembly, comprising:
>      providing a bonding machine capable of being equipped with a flip chip bonding tool and ball placement capillary having a tip comprised of a dissipative material, the dissipative material having a resistance low enough to prevent a discharge of a charge to a device being bonded and high enough to stop all current flow to the device being bonded;
>      equipping the bonding machine with the flip chip bonding tool and ball placement capillary;
>      providing a bonding material that is thermally and electrically conductive;
>      melting the bonding material so that the bonding material becomes substantially spherical in shape; and
>      electrically connecting at least one component to a substrate by means

(*Id.* Ex. B.) Plaintiff alleges infringement of independent claims 53 and 55, which are directed to a "method for using a flip chip bonding tool in microelectronic assembly" and a "method of using an electricaLy [sic] dissipative flip chip bonding tool lip [sic], having a resistance in the range of $10^2$ and $10^{12}$ ohms," respectively.[3] (*Id.*)

---

[3] The full text of claim 53 of the '905 patent states:

> 53. A method for using a flip chip bonding tool in microelectronic assembly, comprising:
> providing a flip chip bonding machine capable of being equipped with a flip chip bonding tool;
> equipping the flip chip bonding machine with the flip chip bonding tool, wherein the flip chip bonding tool has a tip comprised of a dissipative material wherein the dissipative material has a resistance low enough to prevent a discharge of a charge to a device being bonded and high enough to avoid current flow large enough to damage the device being bonded;
> providing a bonding material that is thermally and electrically conductive;
> melting the bonding material so that it becomes substantially spherical in shape; and
> electrically connecting an [sic] at least one component to a substrate by means of the flip chip bonding tool tip pressing the substantially spherical-shaped bonding material against a chip bond pad, wherein the substantially spherical bonding material is pressed to form a conductive bump.

(SAC Ex. B.)

The full text of claim 55 of the '905 patent provides:

> 55. A method of using an electricaLy [sic] dissipative flip chip bonding tool lip [sic], having a resistance in the range of $10^2$ to $10^{12}$ ohms, comprising: providing an electrically dissipatite [sic] flip chip bonding tool tip; bonding a material to a device; establishing a potential between the electrically

Defendant ARRIS Group, Inc. "designs, manufactures, assembles and/or imports products that depend on high density integrated circuit ('IC') chips that are manufactured and mounted on printed circuit boards using a 'flip chip' bonding process that require special electrostatic discharge ('ESD') handling in the Accused Products' assembly process." (*Id.* ¶ 8.) In other words, Defendant's products include components made by the patented method. The Defendant's Accused Products include but are not limited to:

> its router, modem, transmitter, receiver, and transponder products and systems that utilize integrated circuit chips that were mounted on printed circuit boards using a 'flip chip' bonding process and sold under the 'ARRIS' brand or as manufactured and sold under other brands (the 'Accused Products'). These products include, but are not limited to the following products and/or product families: Ruckus ZoneFlex, Ruckus Smartcell Gateway, and Touchstone Telephony Gateway wi-fi routers; Touchstone and SURFboard cable modems; C4 Cable Modem Termination Systems and associated modules, including, without limitation, C4-RCM-01000W, C4-SCM-02440/-02441/-03441, and FCM-30640W modules; E6000 Converged Edge Routers; the AT and PWRLink II family of transmitters; DR3021, DR3421 and RDR 4002 digital receivers; DX3515 digital transponders; and the Pace HLP4800 products with built in transmitters and receivers.

(*Id.* ¶ 9.) "The ICs of the Accused Products that are bonded according to the claimed methods include one or more of the following brands: Atheros, Broadcom, Celeno, Conexant, CSR, Envara, Intersil, Lantiq, Marvell, MediaTek, Ralink, Realtek Texas Instruments, Quantenna and/or Wilocity." (*Id.* ¶14.)

---

> dissipative flip chip bonding tool [] tip and the device being bonded, wherein establishing the potential between the electrically disspative flip chip bonding tool tip and the device being bonded comprises grounding leads on the device being bonded; and [] allowing an essentially smooth curient [sic] to dissipate to the device, the current being low enough so as not to damage the device being bonded and high enough to avoid a build up of charge that could discharge to the device being bonded and damage the device being bonded.

(*Id.*)

The complaint explains how the ICs of the Accused Products are assembled using the patented method. (*Id.* ¶¶ 15-21, 27-32.) Based on those allegations, Plaintiff alleges that the "Accused Products, alone or in combination with other products, directly or alternatively, under the doctrine of equivalents, infringe each of the limitations of independent claim 16 of the '927 patent [and independent claims 53 and 55 of the '905 patent] in violation of 35 U.S.C. § 271(g) when Defendant imports into the United States or offers to sell, sells, or uses within the United States a product which is made by the processes described." (*Id.* ¶¶ 13, 25.)

## II. The Court's Prior Dismissal Order

In its November 4, 2016 Order, the Court granted ARRIS's motion to dismiss, finding that the First Amended Complaint failed to plead facts that showed how the Accused Products plausibly infringe the Asserted Patents. The Court explained that it could not determine how Anza's allegations plausibly alleged infringement. The Court informed Anza that it needed to explain how ARRIS's products infringe the Asserted Patents so as to give ARRRIS notice of the infringement claims.

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be granted where the pleadings fail to state a claim upon which relief can be granted. The Court evaluates whether a complaint supports a cognizable legal theory and states sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." A plaintiff must not merely allege conceivably unlawful conduct but rather must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. When considering a Rule 12(b)(6) motion, the court must "accept as true facts alleged and draw inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010).

## DISCUSSION

ARRIS makes several arguments in its motion to dismiss, claiming that the Second Amended Complaint does not cure the deficiencies of the First Amended Complaint. This Court disagrees and finds the Second Amended Complaint's allegations sufficient to withstand a motion to dismiss. The Court addresses each of ARRIS's arguments below.

ARRIS first argues that the Second Amended Complaint fails because it does not show how the Accused Products infringe the mutually exclusive requirements of the Asserted Patents. ARRIS's argument relies on a statement this Court made in its prior dismissal order. In that order, the Court wrote that it seemed like claim 16 of the '927 patent and claim 55 of the '905 patent have mutually exclusive requirements. One claim required a tool that stopped electric flow to the device being bonded, but the other claim required a tool that allowed electric flow to the device. The First Amended Complaint relied on the same allegations for these different requirements. In that context, the Court held that Anza had not pled plausible claims because accepting the truth of the allegations almost certainly meant that one claim could not be infringed.

The Second Amended Complaint revises the allegations as to each of the claims, such that it is now plausible that ARRIS infringes each claim. Furthermore, Federal Rule of Civil Procedure 8(d) permits a plaintiff to plead inconsistent claims with alternative sets of facts. To the extent ARRIS argues that the requirements *within* one claim are mutually exclusive, its argument requires the Court to determine the meaning of "dissipative material." This argument turns on claim construction, which occurs after the pleading stage. As pled, the allegations are sufficient to state a claim.

ARRIS's second argument concerns Anza's citation to unidentified ESD industry standards. ARRIS argues that these allegations are insufficient because the complaint does not identify the applicable standards at issue and fails to allege that compliance with

6

3:16-cv-01261-BEN-AGS

a particular standard results in infringement or satisfaction of any claim limitation. However, ARRIS misunderstands Anza's complaint. The Second Amended Complaint does not rely on compliance with the standards as the basis for the Accused Products' infringement. Rather, Anza uses the ESD standards to explain that it is plausible that the Accused Products are manufactured consistent with the standards because, otherwise, the Accused Products would be damaged during the bonding process. Because it is plausible that the Accused Products comply with the standards, it is plausible that the Accused Products are made using bonding tools meeting particular resistance values. These allegations adequately plead certain limitations in the asserted claims.

ARRIS next argues that the complaint fails to identify the specific IC chips at issue and the manufacturing process being accused. The Court disagrees. Anza has identified many Accused Products and the IC brands that ARRIS uses in the Accused Products. These allegations narrow the scope of the particular products at issue. A court must consider a complaint's sufficiency in light of its context, including "facts . . . [that] may be distinctively in the defendant's possession." *ABB Turbo Sys. AG v. Turbousa, Inc.*, 774 F.3d 979, 988 (Fed. Cir. 2014); *Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task.") Here, the names of the particular IC chips in the Accused Products is largely information within ARRIS's possession. The Second Amended Complaint also identifies the accused manufacturing process as the mounting of the IC to a printed circuit board. (SAC ¶¶ 8, 9; Opp'n at 10-11.)

In its final argument, ARRIS contends that the complaint fails to plead facts satisfying each limitation of the asserted claims. While Anza's Second Amended Complaint may not use particular terminology that appears in the claim limitations, a court must use "judicial experience and common sense" when analyzing a complaint. *Iqbal*, 556 U.S. at 679. The Court has considered the complaint's allegations and compared them to the elements of the asserted claims. Taking all the allegations of the Second Amended Complaint, and construing them in the light most favorable to Anza,

the Court finds that Anza has pled plausible claims.

## CONCLUSION

For the above reasons, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED.**

Dated: May 5, 2017

_____
Hon. Roger T. Benitez
United States District Judge